# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **CRIMINAL CASE NO. 08-00155-CG** |
| ) | |
| **MARVIN LOUIS ADAMS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

The above-styled action came on for trial by jury on October 15 and 16, 2008 before the Honorable Callie V. S. Granade, Chief United States District Judge. The jury was selected, but not sworn before Judge Granade on September 29, 2008, during which the defendant was not present according to his wishes.

On October 15, 2008 a hearing was held to determine if defendant intended to enter a plea of guilty pursuant to his notice (Doc. 49), at which the court ascertained that he did not want to enter a guilty plea on his own behalf, but as a third-party debtor. The court advised the defendant the it would not accept such a plea, and announced that the case would proceed to trial at 1:30 p.m. An in camera hearing was held at 1:45 p.m. regarding pretrial matters, at which defense counsel's motion to withdraw was **DENIED**, and the United States' motion in limine to preclude defendant from mentioning Agent John Nixon's attempt to elicit defendant's cooperation in opening statements (Doc. 58) was **GRANTED**.[1] The jury was then duly sworn,

---

[1] In his motion in limine filed on September 23, 2008 (Doc. 44), the defendant advised the court that the Government had notified him of the 404(b) evidence which they intended to offer at trial; therefore, the defendant's motion for Rule 404(b) evidence (Doc. 31) is deemed to be **MOOT**.

At the hearing held on September 23, 2008 the United States' motion in limine to exclude any reference to the Uniform Commercial Code was **GRANTED**, and the court found the defendant's motion in limine to exclude certain evidence (Doc. 44) to be **MOOT** as the Government advised that it did not intend to mention such evidence in opening statements or introduce such evidence without consulting

and trial commenced at 1:57 p.m.  The court advised the jury that the defendant did not wish to attend trial, but that arrangements had been made to allow him to view the trial from a remote location in the courthouse.  The United States began presentation of its case-in-chief, and the court recessed at the end of the day.

On October16, 2008, before the trial was resumed, the defendant entered a plea of guilty to the Indictment, and the court's findings were entered by separate order.

**DONE and ORDERED** this the 22nd day of October, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

with the court.