IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARVIN LOUIS ADAMS,            :
    Petitioner,               :
                                 CIVIL ACTION 14-00131-CG-M
v.                             :
                                 CRIMINAL ACTION 08-00155-CG-M
UNITED STATES OF AMERICA,      :
    Respondent.               :

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 107) and Respondent's Motion to Dismiss (Doc. 109). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 109) be granted, Petitioner's Motion to Vacate (Doc. 107) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Marvin Louis Adams. It is further recommended that any

1

certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Adams was indicted on April 25, 2008 for conspiracy to possess, with the intent to distribute, cocaine in violation of 21 U.S.C. § 846 (Doc. 1).  On October 16, 2008, Petitioner pled guilty to—and was found guilty of—the charge against him (Doc. 60).  On July 2, 2009, United States District Judge Granade sentenced Adams to 250 months on the conviction as well as ten years years of supervised release following his release from prison, and an assessment of one hundred dollars (Doc. 78). Represented by new counsel, Petitioner appealed his conviction (Doc. 81) that was affirmed by the Eleventh Circuit Court of Appeals on July 14, 2010 (Doc. 101).

Adams filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 3, 2014 in which he raises the single claim that his sentence was improperly enhanced by two prior convictions (Doc. 107).  Respondent filed a Motion to Dismiss on April 30, 2014 (Doc. 109) to which Petitioner has replied (Doc. 111).

Before taking up Adams's claim, the Court notes that Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 109).  Respondent refers to provisions

of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ***
>
> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (4) the date on which the facts

>    supporting the claim or claims
>    presented could have been discovered
>    through the exercise of due diligence.

28 U.S.C. § 2255(f).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Since he did not seek *certiorari* review in the United States Supreme Court, Adams's conviction became final on October 12, 2010, ninety days after the Eleventh Circuit Court of Appeals' decision. U.S.Sup.Ct. Rule 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals [] is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). That means the AEDPA limitations clock began to run the next day and ran for one year until October 12, 2011 at which time the clock stopped. This action, being filed on March 3, 2014, comes more than two years too late.

Petitioner, however, asserts that his claim only came into being with the U.S. Supreme Court's decisions, in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151 (2013), entered on June 17, 2013, and *Descamps v. United States*, --- U.S. ---, 133

4

S.Ct. 2276 (2013), entered on June 20, 2013 (Doc. 107). Adams seeks to come within subsection (3) of § 2255(f) in which the AEDPA clock begins running "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2163. The Court reached its decision, however, based on its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Descamps*, the Supreme Court held that courts may not use the "modified categorical approach" to sentencing a defendant under the Armed Career Criminal Act when the statute under which the defendant was convicted was made up of a single, indivisible set of elements. *Descamps*, 133 S.Ct. at 2283. The *Descamps* Court determined that the enhancement of Descamps' conviction, based on such a conviction, was improper.

The Court first notes that Adams was not sentenced under the Armed Career Criminal Act, so *Descamps* is of no benefit to him in this action.

Furthermore, the Court has reviewed the *Alleyne* and *Descamps* decisions and finds that although they provide guidance

5

for conducting criminal trials and sentencing Defendants, they do not establish new rules of law. However, even if this Court is incorrect in this determination, there is no doubt that the Supreme Court, in either of the cases, fails to make the decisions retroactive as required in § 2255(f)(3). There is no mention of retroactivity in the high Court's decisions.

The Court also notes that the Eleventh Circuit Court of Appeals, in *Chester v. Warden*, 552 Fed.Appx. 887, 891 (11th Cir. 2014), has specifically held that "*Alleyne*'s rule does not apply retroactively on collateral review." The Court would further note that although the Eleventh Circuit Court of Appeals has not entered a decision as to whether *Descamps* is to be applied retroactively, cases by the district courts in this circuit have decided that it is not. *See Strickland v. English*, 2013 WL 4502302, *8 (N.D. Fla. August 22, 2013); *Reed v. United States*, 2013 WL 5567703, *3 (M.D. Fla. October 9, 2013); *Roscoe v. United States*, 2013 WL 5636686, *11 (N.D. Ala. October 16, 2013); *Johnson v. United States*, 2014 WL 2215772, *2 (M.D. Fla. May 27, 2014); and *United States v. Boykin*, 2014 WL 2459721, *1 (N.D. Fla. May 31, 2014). As such, *Alleyne* and *Descamps* are inapplicable here; the claim and petition brought by Petitioner is barred by the AEDPA statue of limitations.

Adams has raised a single claim in this petition.

However, because this action was filed so long after his conviction, it is barred by the AEDPA statute of limitations. Therefore, it is recommended that Defendant's Motion to Dismiss (Doc. 109) be granted, that the Petition to Vacate (Doc. 107) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Marvin Louis Adams.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

7

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Adams has not filed this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Adams should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's Motion to Vacate, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See*

8

28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(B); S.D. Ala. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 11th day of June, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE