# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARVIN LOUIS ADAMS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CRIMINAL NO. 08-00155-CG** |
| **vs.** | ) | **CIVIL ACTION NO. 14-00131-CG-M** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

This matter is before the court on the report and recommendation of the

magistrate judge (Doc. 112) and the objection of Petitioner to the report and

recommendation (Doc. 115). The magistrate judge recommended that Petitioner's §

2255 petition be dismissed as time-barred. Upon a <u>de novo</u> review of those portions

of the report and recommendation to which objection is made, the court agrees with

the findings of the magistrate judge and finds that Adams' petition (Doc. 107) is due

to be dismissed as time-barred, as Adams fails to satisfy the requirements of 28

U.S.C. § 2255(f)(3).

The magistrate judge found Adams' petition to be time-barred because

Adams filed his petition on March 3, 2014, more than one year after his sentence

became final on October 12, 2010, and neither the Supreme Court's ruling in

<u>Alleyne v. United States</u>, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) or <u>Descamps v.</u>

<u>United States</u>, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) established a right that

"has been newly recognized by the Supreme Court and made retroactively

application to cases on collateral review" such that Adams' untimely petition could be considered on the merits. Adams objects to the magistrate judge's findings and asserts that the magistrate judge improperly determined that <u>Descamps</u> could not be applied retroactively to restart his expired statutory limitations period. Specifically, Adams argues that the magistrate judge should have applied the test established in <u>Teague v. Lane</u>, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) to determine whether <u>Descamps</u> could be applied retroactively, and that the Government's failure to address whether <u>Descamps</u> could be applied retroactively amounts to a waiver regarding the timeliness of his petition. The Court disagrees.

The magistrate judge properly found that Adams' sentence became final on October 12, 2010, and that Adams had until October 12, 2011 to have timely filed his § 2255 petition. (Doc. 112 at 4). Additionally, the magistrate judge properly found that <u>Descamps</u> was inapplicable to Adams' case and did not restart his expired statutory limitation period. Despite Adams' attempt to persuade the Court otherwise, the Supreme Court did not make the principles announced in <u>Descamps</u> retroactive to cases on collateral review.[1] <u>See</u> <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013) ("The declaration of retroactivity must come from the

---

[1] Adams' contention that the Government waived any attack to the timeliness of his petition by failing to discuss whether <u>Descamps</u> is retroactively applicable to cases on collateral review is belied by the record. Indeed, in its motion to dismiss the Government specifically states "the Supreme Court has not made <u>Descamps</u> retroactive to cases on collateral review", and cited several cases in support of this proposition. (Doc. 109 at 5).

Justices."). [2]

Moreover, application of the Teague test further confirms that Descamps does not apply retroactively on collateral view. Pursuant to Teague, "a new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review." Monroe v. United States, 2013 U.S. Dist. LEXIS 168904, *5, (N.D. Tex. Oct. 23, 2013) (citing Teague v. Lane, 489 U.S. 288, 310-311, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)). "While there are two exceptions to Teague, . . . Descamps [does not] fall within them." Id. (citing Schriro v. Summerlin, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004) (summarizing Teague's non-retroactivity rule)). Descamps did not announced a new substantive rule that places any individual conduct beyond the power of the United States to punish, or that prohibits the imposition of any type of punishment. Schriro, 542 U.S. at 352. Also, the principles clarified in Descamps do

---

[2] Additionally, although the Eleventh Circuit Court of Appeals has not decided whether Descamps is to be applied retroactively, district courts in this Circuit have uniformly rejected the retroactive application of Descamps. See Strickland v. English, 2013 U.S. Dist. LEXIS 119371, *23-24, 2013 WL 4502302, *8 (N.D. Fla. August 22, 2013) ("The Supreme Court has clearly stated that 'a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.'"); Reed v. United States, 2013 U.S. Dist. LEXIS 146141, *9, 2013 WL 5567703, *3 (M.D. Fla. October 9, 2013); Roscoe v. United States, 2013 U.S. Dist. LEXIS 148530, 31-32, 2013 WL 5636686, *11 (N.D. Ala. October 16, 2013); Johnson v. United States, 2014 U.S. Dist. LEXIS 72015, *6-7, 2014 WL 2215772, *2 (M.D. Fla. May 27, 2014); and United States v. Boykin, 2014 U.S. Dist. LEXIS 74755, *2, 2014 WL 2459721, *1 (N.D. Fla. May 31, 2014); see also United States v. Chapman, 2014 U.S. Dist. LEXIS 65907, *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that Descamps does not apply retroactively to cases on collateral review.").

not quality as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding." Id.  Therefore, because Descamps does not meet either of the Teague exceptions, Descamps does not apply retroactively.

Additionally, although Adams challenges the analysis employed by the magistrate judge in the determination that Descamps cannot be applied retroactively on collateral review, Adams fails to address the additional requirement of 28 U.S.C. § 2255(f)(3) – his assertion of a right that has been "newly recognized" by the Supreme Court.  Rather than establish a new right, Descamps merely clarified existing law concerning the approach sentencing courts may apply when determining whether an underlying conviction qualifies as a predicate offense under the Armed Career Criminal Act. Harr v. United States, 2014 U.S. Dist. LEXIS 58692, *8, 2014 WL 1674085, *3 (C.D. Ill. Apr. 28, 2014) ("Descamps did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). [3]

---

[3] See Shelton v. United States, 2014 U.S. Dist. LEXIS 14009, *8 n.5, 2014 WL 460868, *2 n.5 (E.D. Tenn. Feb. 5, 2014) ("Descamps[] seemingly clarifies existing law concerning the procedure that district courts must follow" in determining whether a conviction qualifies as an ACCA predicate); Graham v. United States, 2013 U.S. Dist. LEXIS 175205, *23-24, 2013 WL 6490458, *7 (N.D. Ala. Dec. 10, 2013) ("[T]he focus of Descamps is largely a *procedural* one; the case revolves around the propriety of the lower courts' decision to eschew a 'categorical approach' . . . in favor of a 'modified categorical approach'. . . .") (emphasis added); United States v. Monroe, 2013 U.S. Dist. LEXIS 168904, *5-6, 2013 WL 6199955, at *3 (N.D. Tex. Nov. 26, 2103) (holding that § 2255's one-year limitations period did not

Because the Court concludes that <u>Descamps</u> may not be applied retroactively on collateral review and <u>Descamps</u> did not establish a newly recognized right, § 2255(f)(3) is inapplicable to Adams' petition. The magistrate judge properly found that Adams' § 2255 petition is clearly outside of the one-year statutory limitation period and is due to be dismissed as time-barred.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a <u>de novo</u> determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court, with the addition of the comments made herein.

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss (Doc. 109) is **GRANTED**, Petitioner's Motion to Vacate (Doc. 107) is **DENIED**, and that this action is **DISMISSED**.  It is further **ORDERED** that any certificate of appealability filed by Petitioner shall **DENIED** as he is not entitled to appeal <u>in forma pauperis</u>.

**DONE** and **ORDERED** this 19th day of September, 2014.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

commence when <u>Descamps</u> was issued because, in part, the decision did not establish a watershed rule).