IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARVIN LOUIS ADAMS, | : |
| Petitioner, | : |
| | : CIVIL ACTION 14-00131-CG-N |
| v. | : |
| | : CRIM. ACTION 08-00155-CG-N |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Petitioner, Marvin Louis Adams's ("Adams"), Motion for Leave of Court to File a Motion for Relief Under Fed. R. Civ. Pro. 60(b)(6). (Doc. 140). Adams' motion for leave is construed as a Motion under Fed. R. Civ. Pro. 60(b)(6) seeking relief from the district court's dismissal of Adams' § 2255 motion. This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. After careful consideration, it is recommended that Adams' Motion For Relief pursuant to Fed. R. Civ. Pro. 60(b)(6) be denied.

I.  BACKGROUND

On October 16, 2008, Petitioner pled guilty to—and was found guilty of— conspiracy to possess, with the intent to distribute, cocaine in violation of 21 U.S.C. § 846. (Doc. 60). On July 2, 2009, United States District Judge Granade sentenced Adams to 250 months on the conviction as well as ten

1

years of supervised release following his release from prison, and an assessment of one hundred dollars. (Doc. 78). On July 14, 2010, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction. (Doc. 101).

On March 3, 2014, Adams filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 raising a single claim that his sentence was improperly enhanced by two prior convictions. (Doc. 107). Therein, Adams argued that his petition was timely pursuant to subsection (3) of § 2255(f) because the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") clock began to run "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review", based on the U.S. Supreme Court's decisions, in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151 (2013), entered on June 17, 2013, and *Descamps v. United States*, ---U.S. ---, 133 S.Ct. 2276 (2013), entered on June 20, 2013.

On April 30, 2014, the United States filed a Motion to Dismiss Adams' § 2255 motion asserting that Adams' Petition was not filed within the one-year AEDPA statute of limitations period and was, therefore, time-barred. (Doc. 109). On June 11, 2014, United States Magistrate Judge Bert Milling, Jr. entered a Report and Recommendation recommending that Adams' petition be dismissed as time-barred pursuant to the AEDPA statue of limitations because neither *Alleyne* nor *Descamps* established new rules of

law or were made retroactively applicable to cases on collateral review. (Doc. 112).[1] Adams filed an Objection to the Report and Recommendation (Doc. 115), but on September 19, 2014, District Judge Callie Granade adopted the Report and Recommendation as the opinion of this Court and granted the Motion to Dismiss. The Order additionally denied Adams a certificate of appealability, as he was not entitled to appeal in forma pauperis. (Doc. 118 at 5).

On March 3, 2017, Adams filed the instant Motion for Leave of Court to File a Motion for Relief Under Fed. R. Civ. Pro. 60(b)(6). (Doc. 140).

## II. DISCUSSION

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Fed. R. Civ. P. Rule 60(b). However, there are limitations on habeas petitioners' ability to rely on Rule 60(b) motions to circumvent statutory restrictions on second or successive § 2254 or § 2255 petitions. The Eleventh Circuit has explained that "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

As a result, before considering the merits of Petitioner's motion, this Court must determine whether it has jurisdiction, i.e., whether Adams' Rule

---

[1] This case was reassigned to the undersigned magistrate on March 7, 2017. (Text Only Doc. 141).

60(b) motion is truly a second or successive § 2255 petition. "If Petitioner's 60(b) motion is not really a second or successive habeas petition, the district court has jurisdiction to consider the merits of the motion." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007). The law is clear that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous resolution of a claim on the merits." *Williams*, 510 F.3d at 1293–94 (quoting *Gonzalez*, 545 U.S. at 532). By contrast, the Rule 60(b) motion is not to be regarded as a successive petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Williams*, 510 F.3d at 1294 (quoting *Gonzalez*, 545 U.S. at 532).

In his motion before this Court, Adams states "the Court inadvertently abused its discretion when it dismissed his timely <u>Descamps</u> claim as untimely under 28 U.S.C. § 2255. Petitioner challenges only the procedural integrity of the earlier § 2255 and not the underlying conviction or sentence." (Doc. 140 at 1). Because Adam's motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition and this Court has jurisdiction to consider the motion.

Rule 60(b)(6) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (6) any other reason justifying relief.

Fed. R. Civ. P. Rule 60(b)(6). A movant seeking relief pursuant to Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649.

In Adams' motion, he states as follows:

> The equities of this particular case warrant re-opening of Petitioner's collateral proceedings to decide whether he is entitled to relief under Mays v. United States, 817 F.3d 728 (11th Cir. 2016) holding that Descamps retroactively applicable in the first post-conviction context. Id at 730. Descamps was decided after Petitioner conviction and sentence, however, under Mays and its progeny, Descamps applies retroactively to Petitioner's first and only § 2255 motion. First, Petitioner asserts that this Court inadvertently made a "mistake" by failing to consider his argument that his § 2255 motion would be timely under the Supreme Court's decision in Descamps as he had pointed out in his § 2255 motion. And, secondly, asserting that it would be a miscarriage of justice to permit the time-bar ruling to continue to preclude a merits determination of the claim in his § 2255 motion that he is actually innocent of his § 851 sentencing enhancement in light of Descamps.

(Doc. 140 at 4). Adams' position that this Court made erred by failing to previously consider that his motion would be timely pursuant to *Descamps*, is not accurate. As evidenced in the Report and Recommendation of the magistrate judge and, again, in the Order adopting the same by the district judge, Adams' argument based on *Descamps* was thoroughly considered and rejected by this Court. (See Docs. 112 and 118). Second, Adams' assertion that this Court's previous ruling is no longer correct, based on the more

5

recent Eleventh Circuit decision in *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016), is misplaced.

As explained by this Court's previous Order, for Adams' initial § 2255 to be timely under 28 U.S.C. § 2255(f)(3), Adams' needed to establish that the applicable one year limitations period began to run "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3). This Court went on to explain that Adams' petition was time-barred for *two* reasons: (1) because *Descamps* did not establish a newly recognized right and (2) because this Court found that *Descamps* may not be applied retroactively on collateral review. (Doc. 118 at 4-5)("[A]lthough Adams challenges the analysis employed by the magistrate judge in the determination that Descamps cannot be applied retroactively on collateral review, Adams fails to address the additional requirement of 28 U.S.C. § 2255(f)(3)–his assertion of a right that has been "newly recognized" by the Supreme Court.")

For Adams' Rule 60(b)(6) to potentially be compelling, he must show extraordinary circumstances, i.e., at the very least, that this Court's previous ruling that his § 2255 motion was time-barred, was incorrect. In that regard, Adams relies solely on the decision in *Mays*. In *Mays,* the Eleventh Circuit held that *Descamps* applies retroactively in the first post-conviction context. *See Mays*, 817 F.3d 730. ("Although *Descamps* and *Johnson* were decided

after Mays's conviction and sentence became final, we hold that both cases apply retroactively in the first post-conviction context"). However, like Adams' previous § 2255 motion, his current motion fails to make any argument or set forth any legal authority that *Descamps*, is "new law" and *Mays* - the case on which Adams relies - specifically states otherwise. *See Mays*, 817 F.3d at 734. ("As the Supreme Court and other circuits have recognized, *Descamps* did not announce a new rule—its holding merely clarified existing precedent."). Therefore, even considering that *Descamps*[2] is retroactively applicable on collateral review, Adams has still failed to show that this Court's previous ruling was incorrect because he has not and cannot establish that *Descamps* was a "new rule" of law for the purpose of § 2255(f)(3). *See Smith v. United States*, 2016 WL 3194980, *7 (M.D. Fla. June 9, 2016) ("Although the Eleventh Circuit held in Mays that Descamps is retroactive, retroactivity alone is not sufficient to trigger § 2255(f)(3).") (internal citation omitted). As a result, Adams has not established extraordinary circumstances e.g., that this Court's previous ruling was incorrect, justifying the reopening of his § 2255 motion.

Adams' second contention, "that it would be a miscarriage of justice to permit the time-bar ruling to continue to preclude a merits determination of the claim in his § 2255 motion" is equally without merit. Adams is essentially arguing that the statute of limitations should not apply to him

---

[2] This Court also previously noted that Adams was not sentenced under the Armed Career Criminal Act, so *Descamps* was of no benefit to him. (Doc. 112 at 5).

7

without offering any legal argument or support for such a position. This is not a new or novel argument as Adams raised this argument in his objection to the magistrate judge's Report and Recommendation and the same was rejected by this Court. Moreover, Adams' position that it would be unfair for the AEDPA statute of limitations to apply to his case is far from the "extraordinary circumstance" required under Rule 60(b)(6). Accordingly, it is hereby **RECOMMENDED** that Petitioner's Rule 60(b)(6) motion be **DENIED**.

### III. CERTIFICATE OF APPEALABILITY

To appeal this Court's decision denying his Rule 60(b)(6) motion, a certificate of appealability must issue. *See, e.g., United States v. Hardin*, 481 F.3d 924, 926 (6th Cir.2007) ("[A petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b) motion can be heard."); *Jackson v. Crosby*, 437 F.3d 1290, 1294-1295 (11th Cir. 2006) ("It is still the law of this circuit that 'a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'"), cert. denied sub nom. *Jackson v. McDonough*, 549 U.S. 908, 127 S.Ct. 240, 166 L.Ed.2d 189 (2006).

A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[G]iven the typically procedural nature of rulings on Rule 60(b) motions," *Clay v. Smith*, 2010 WL 438401, *3 (10th Cir. 2010), it is cleat that

"a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." ' ") As explained by the Eleventh Circuit in *Jackson, supra*, "in cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims, such as this one, a petitioner will be granted a certificate of appealability 'only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong.' " 437 F.3d at 1295 (citations omitted; emphasis in original),

The undersigned finds that reasonable jurists could not debate whether Adams' Rule 60(b)(6) motion to reopen his § 2255 motion to vacate should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further. Accordingly, the undersigned finds that Adams should be **DENIED** a Certificate of

Appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV. APPEAL IN FORMA PAUPERIS

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be

allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court certify that any appeal by Adams of the denial of his Rule 60(b)(6) motion to reopen his § 2255 motion would be without merit and therefore not taken in good faith.

V.    CONCLUSION

In accordance with the foregoing analysis, it is hereby **RECOMMENDED** that Petitioner's Rule 60(b)(6) motion (Doc. 140) be **DENIED**. It is further **RECOMMENDED** that the Court find Adams not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

VI.    NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of June 2017.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**